UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KORYION DeSHAWN WELCH,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

CRIMINAL CASE NO. 21-CR-20137
CIVIL CASE NO. 22-CV-11623

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(ECF No. 44)

**I.   RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's motion to vacate (ECF No. 44) be **DENIED** and that the civil case be **DISMISSED**.

**II.   REPORT**

    **A.   Background**

On August 12, 2021, Petitioner pleaded guilty to Count 1 of the indictment charging him with being a felon in possession of a firearm under 18 U.S.C. § 922(g) pursuant to a Rule 11 plea agreement. (ECF No. 27.) On December 1, 2021, a judgment entered sentencing Petitioner to 110 months to be followed by two years of supervised release. (ECF 38.) Petitioner did not file an appeal. Petitioner filed the instant motion to vacate sentence. (ECF No. 44.) Respondent field a response (ECF No. 53) and Petitioner sought and was granted an extension to reply but the order granting the motion was returned as undeliverable. (ECF No. 55.) The court has considered all the arguments raised in the briefs.

**B. Standards**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense—not what bears a false label of 'strategy'—based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d

2

482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other

3

words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United States*, 905 F.3d 481, 487–8 (6th Cir. 2018) (*quoting Missouri v. Frye*, 566 U.S. 134, 141–2 (2012) and *citing Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

### C. Analysis and Conclusions

Petitioner argues that trial counsel was ineffective for failing to object to sentencing guideline enhancements for possessing a firearm in connection with the felony possession of cocaine base under U.S.S.G. § 2K2.1(b)(6)(B) and transferring two or more firearms to other individuals under U.S.S.G. § 2K2..1(b)(5). (ECF No. 44.) The governing plea agreement in Petitioner's case contained a portion wherein both parties recommended that any sentencing guideline calculation include both these enhancements. (ECF No. 27, PageID.68-69.) The presentence investigation report also noted these plea agreement provisions. In addition, the factual basis for the plea admitted to conduct giving rise to these two enhancements. (ECF No.27, PageID.65.)

Petitioner has not even argued that but for counsel's errors, he would have pleaded guilty nor ahs he asserted any reason that undermines confidence in the plea taking process. Government counsel thoroughly quoted from the plea taking transcript and defeated any potential argument challenging the validity of the plea taking process. (ECF No. 53, PageID.325-

4

331.) Therefore, Petitioner cannot establish any prejudice as required for his claims to remain viable. *Utley; Rodriguez-Penton, supra.*

In addition, the plea agreement contained a waiver of appeal of his sentence as long as the sentence did not exceed the top of the guideline range. (ECF No. 27, PageID 73-74.) Here, his sentence was for 110 months which was in the middle of the range of 100-120 months; thus, Petitioner's sentence could not have been appealed. Once such a waiver occurs, it is improper to "use of a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him." *Clemons v. United States*, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005), citing *DuPont v. United States*, 76 F.3d 108, 100 (6th Cir. 1996).

I therefore suggest that Petitioner has not alleged any cognizable claims and that his motion to vacate sentence should be denied.

### D. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather

5

than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### E. Conclusion

For the reasons stated above, I recommend the motion to vacate (ECF No. 44) be **DENIED** and any civil case **DISMISSED**.1

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis*

---

1 The undersigned was unable to find a civil case number corresponding to this motion to vacate.

*v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 15, 2022

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge