UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KORYION DESHAWN WELCH,

|  |  |
|---|---|
| Petitioner, | Case No. 1:21-cr-20137 |
| v. | Honorable Thomas L. Ludington<br>United States District Judge |
| UNITED STATES OF AMERICA, |  |
|  | Honorable Patricia T. Morris |
| Respondent. | United States Magistrate Judge |

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF AND TRANSFERRING
SECOND OR SUCCESSIVE HABEAS PETITION TO COURT OF APPEALS**

Defendant Koryion D. Welch wants to vacate his 110-month sentence for various firearms

offenses, alleging ineffective assistance of counsel, denial of a fair trial, and violation of his

due-process rights. But the law requires timely, concise action, and clear evidence of a substantial

wrong. Those are lacking here. Welch did not promptly inform the court of his address changes,

which led to an inability to file a reply brief regarding his first motion to vacate his sentence.

Regardless, the remedy for such procedural failures is not the undoing of a conviction. As

explained below, his Rule 60 motion for relief from judgment will be denied and his second motion

to vacate will thus be transferred to the Sixth Circuit for certification.

**I.**

On August 21, 2021, Defendant Koryion D. Welch pleaded guilty to being a felon in

possession of a firearm, 18 U.S.C. § 921(g)(1), and acknowledged that he possessed firearms "in

connection with the felony possession of cocaine" and that he transferred multiple firearms to

others who could not lawfully possess them. ECF No. 27 at PageID.63–65. Three months later, he

was sentenced to 110 months' imprisonment, to be followed by 2 years of supervised release. ECF

No. 38.

On July 15, 2022, Defendant filed a *pro se* motion to vacate his sentence under 28 U.S.C § 2255, alleging ineffective assistance of counsel and denial of a fair trial. ECF No. 44. The Government responded on September 15, 2022, ECF No. 53, and Defendant was granted an extension to file a reply by November 14, 2022, ECF No. 54. But the order extending Defendant's reply deadline was returned as undeliverable because he had not notified this Court of his change of address. ECF No. 55.

On November 15, 2022, Magistrate Judge Patricia T. Morris issued a report recommending the denial of Defendant's § 2255 motion, citing his failure to allege cognizable claims. ECF No. 56. Judge Morris gave the Parties 14 days to object to her report, but neither party did so. Twenty days later, the report was adopted, and Defendant's motion was denied. ECF No. 58.

Two days later, Defendant filed a second extension of his reply deadline—again without updating his address. ECF No. 59. On January 4, 2023, another copy of the order denying his § 2255 motion was returned as undeliverable. ECF No. 60.

On April 4, 2023, Defendant filed a motion for relief from the order denying his § 2255 motion, alleging his due-process rights were violated because he was unable to file a reply brief. ECF Nos. 63; 67. The Government opposes Defendant's motion. ECF No. 65.

On June 26, 2023, Defendant filed a second motion to vacate his sentence under § 2255, ECF No. 69, which the Government also opposes, ECF No. 72.

## II.

As relevant to Defendant's motion, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect" or if "the judgment is void." Fed. R. Civ. P. 60(b)(1), (4). Such a motion must be filed

"within a reasonable time." FED. R. CIV. P. 60(c)(1). A reasonable time depends on the factual circumstances of each case, *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006), and the moving party must articulate the reasonable basis for delay, *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003).

### A.

Defendant failed to comply with Local Rule 11.2, which requires parties, including *pro se* litigants, to promptly inform the court of any address changes. *See* E.D. Mich. LR 11.2. Defendant initially informed this Court of his address at FCI Hazelton but failed to update his address after he was his transferred to FTC-Oklahoma on October 11, 2022, and later to FCI Victorville on December 2, 2022. ECF No. 65 at PageID.370. Consequently, important orders and judgments were mailed to the incorrect address, hindering Defendant's ability to file a reply brief. Although Defendant claims he did the best he could to inform this Court of his situation, his efforts were inadequate because he failed to provide a new address until months after his transfer—without explanation. Thus, Defendant's argument that he could not file a reply brief due to a lack of access to his legal materials during his transfer lacks merit.

Moreover, Defendant's Motion is untimely under Civil Rule 60(c)(1). Defendant filed his Rule 60 Motion four months after the denial of his first § 2255 Motion. *See* ECF No. 63. But Defendant does not adequately explain this four-month delay of his Rule 60 motion—instead asserting he could not timely reply due to circumstances beyond his control, such as lockdowns and facility transfers. *Id.* at PageID.358. While these circumstances may have presented challenges if true, Defendant still had the responsibility to inform this Court of his address changes promptly under Local Rule 11.2 and Civil Rule 41(b). Further, Defendant's assertion that he did his best to inform this Court of his situation is not a sufficient justification for the delay. Even if he had limited

access to legal resources during facility transfers, he still could have filed a notice of address change, which would have enabled him to receive relevant orders and maintain timely communication with this Court. *See Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014). And Defendant's argument that his due-process rights were violated because he could not reply does not excuse the untimeliness of his motion.

Even so, his Rule 60 motion would fail on the merits. Defendant invokes Civil Rules 60(b)(1) and (4), alleging a mistake or void judgment based on the alleged due-process violation. ECF No. 63 at PageID.357. But he has presented no evidence or argument to support his claims. The inability to file a reply brief in a § 2255 proceeding is not a due-process violation. *United States v. Hensley*, 5:19-CR-00152, 2023 WL 2026525, *2 (E.D. Ky. Feb. 15, 2023); *Bell v. United States*, 1:12-CV-03042, 2015 WL 4561837, *3 (D. Md. July 27, 2015) (citing *Malizzio v. United States*, 46 F.3d 1133 (7th Cir. 1995) (unpublished table decision)). Yet Defendant's reply brief would not change the outcome, as it would have been limited to countering arguments made in the Government's response and could not have introduced new claims. *Bennett v. Bascom*, 788 F. App'x 318, 323–24 (6th Cir. 2019) (citing *Scottsdale Ins. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)). Even if this Court were to consider Defendant's reply, it would not address the deficiencies in his first § 2255 motion, which was denied for lack of merit. *See generally* ECF No. 67 (arguing only that due process was violated by inability to file reply brief).

For those reasons, Defendant's Rule 60 motion lacks merit and will be denied.

### III.

The final issue is Defendant's second § 2255 motion, relying on 28 U.S.C. § 2255(f)(3) to argue that *New York State Rifle & Pistol Assoc. v. Bruen*, 142 S. Ct. 2111 (2022), expanded a felons' right to possess a firearm ECF No. 69.

But the second § 2255 motion must be transferred to the Sixth Circuit Court of Appeals for certification. A "second or successive" § 2255 motion must be certified by the court of appeals to certify that the new rule of constitutional law was previously unavailable and made retroactive to cases on collateral review. 28 U.S.C. § 2255 (h)(2). *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997); *see also* 28 U.S.C. § 2255(h).

The Sixth Circuit has clearly defined what is considered a second or successive petition under § 2255. *In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018); *see also Clark v. United States*, 764 F.3d 653, 658 n.1 (6th Cir. 2014). ("[T]he same bar [on federal prisoners successive motions under § 2255] applies to claims presented in a second or successive application for relief under § 2254."). Defendant's new argument, based on a new rule of constitutional law, is both second-in-time and second or successive, "and he must therefore pass through the gatekeeping mechanism of § 2244(b)(2)(B)." *In re Wogenstahl*, 902 F.3d at 628.

For these reasons, Defendant's second § 2255 motion, ECF No. 69, will be transferred to the Sixth Circuit Court of Appeals for authorization.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Relief from Judgment, ECF No. 63, is **DENIED**.

Further, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer Defendant's Second Motion to Vacate Under § 2255, ECF No. 69, to the Sixth Circuit Court of Appeals as a second or successive petition.

Dated: August 8, 2023                               s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge