UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 1:21-cr-20137

v.                                                   Honorable Thomas L. Ludington
                                                             United States District Judge

KORYION DESHAWN WELCH,

                                                             Honorable Patricia T. Morris
        Defendant.                           United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S APPLICATION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Defendant Koryion Deshawn Welch seeks to appeal this Court's order transferring his motion for relief from judgment to the Sixth Circuit Court of Appeals and, to that end, has filed an application to proceed without prepayment of fees. As explained hereafter, Defendant's application will be granted, but a certificate of appealability will be denied.

**I.**

Defendant Koryion Deshawn Welch was indicted on one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). A federal community defender was appointed to represent him. ECF Nos. 11; 4.

In August 2021, Defendant entered a Rule 11 Plea Agreement with an appeal-waiver provision, ECF No. 27 at PageID.73–74, and plead guilty as charged to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). His guilty plea was accepted on September 3, 2021. ECF No. 31. In December 2021, he was sentenced to 110 months' imprisonment followed by two years of supervised release. ECF No. 38 at PageID.178–179.

In July 2022, he filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was referred to Magistrate Judge Patricia T. Morris. ECF Nos. 44; 46. On November 15, 2022, Judge Morris issued a report (R&R) recommending this Court deny Defendant's motion to vacate under 2255, ECF No. 56, and this Court adopted her R&R on December 5, 2022, ECF No. 57; 58. On June 26, 2023, Defendant filed a second motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 69. In August 2023, this Court denied Defendant's motion for relief and transferred his second or successive habeas petition to the Sixth Circuit United States Court of Appeals. ECF No. 73. Defendant then filed a notice of appeal and an application to proceed without prepayment of fees. ECF Nos. 74; 75. Defendant affirms he is unable to pay the $505 fee to file an appeal, however he does not identify the issue he intends to appeal. ECF No. 74.

## II.

Importantly, habeas proceedings under 28 U.S.C. § 2255 may not be appealed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." FED. R. APP. P. 22(b). This is true "[e]ven if § 2255 proceedings . . . are 'entered on the docket of the original criminal case'" because "there is no dispute that § 2255 proceedings are 'collateral.'" *United States v. Asakevich*, 810 F.3d 418, 423 (6th Cir. 2016) (quoting *Wall v. Kholi*, 562 U.S. 545, 560 (2011)).

Because Petitioner must request a certificate of appealability (COA) before appealing this Court's Order, this Court will construe his application to include a request for a COA. *See United States v. McGowan*, No. 15-CR-20694-01, 2018 WL 9878383, at *1 (E.D. Mich. Dec. 18, 2018).

In order to obtain a COA, a petitioner "must make a substantial showing of the denial of a constitutional right" and that "reasonable jurists could debate whether the petition should have been resolved in a different matter." *Slack v. McDaniel*, 529 U.S. 473, 481 (2000) (applying this

standard to § 2253 habeas proceedings). Here, reasonable jurists could not debate that this was Petitioner's second or successive § 2255 Petition that must be transferred to the Sixth Circuit for review. Indeed, the law is well settled that a "second or successive" § 2255 motion must be transferred to the court of appeals to certify that the new rule of constitutional law was previously unavailable and made retroactive to cases on collateral review. 28 U.S.C. § 2255 (h)(2). *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997); *see also* 28 U.S.C. § 2255(h). And the Sixth Circuit has clearly defined what is considered a second or successive petition under § 2255. *In re Wogenstahl*, 902 F.3d 621, 627 (6th Cir. 2018); *see also Clark v. United States*, 764 F.3d 653, 658 n.1 (6th Cir. 2014). ("[T]he same bar [on federal prisoners successive motions under § 2255] applies to claims presented in a second or successive application for relief under § 2254."). Defendant's new argument, based on a new rule of constitutional law, is both second-in-time and second or successive, "and he must therefore pass through the gatekeeping mechanism of § 2244(b)(2)(B)." *In re Wogenstahl*, 902 F.3d at 628. Accordingly, Petitioner's request for a COA will be denied.

## III.

In addition to a COA, a petitioner appealing a district court's decision on his § 2255 Petition who wishes to proceed *in forma pauperis* must apply for leave to appeal in forma pauperis, as Petitioner here has requested. ECF No. 75. Defendant remains incarcerated and submitted a financial affidavit reflecting that he has no cash, owns no property, but was employed by his correctional facility making $5.25.[1] *Id.* at PageID.423–424. Although Petitioner did not attach a financial transaction ledger in support of his request, this Court previously concluded that Defendant was financially eligible for appointed counsel under the Criminal Justice Act. ECF No. 4. In this way, it appears that Dependent is financially unable to pay the $505 fee to appeal the

---

[1] It is not clear from Petitioner's affidavit whether that rate is hourly, daily, or monthly.

- 4 -

transfer of his second or successive § 2255 motion to the Sixth Circuit. So, his application will be granted to the extent it seeks leave to appeal *in forma pauperis*. However, as explained above, it will be denied to the extent it seeks a certificate of appealability.

### III.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Application to Proceed Without Prepayment of Fee, ECF No. 75, is **GRANTED**.

Dated: February 14, 2024          s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge